# **EXHIBIT 6**

PCA CASE Nº 2013-09

IN THE MATTER OF AN ARBITRATION ARISING UNDER THE AGREEMENT BETWEEN THE GOVERNMENT OF THE REPUBLIC OF MAURITIUS AND THE GOVERNMENT OF THE REPUBLIC OF INDIA FOR THE PROMOTION AND THE PROTECTION OF INVESTMENTS ENTERING INTO FORCE JUNE 20, 2000 AND THE ARBITRATION RULES OF THE UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW (1976)

- between -

CC/DEVAS (MAURITIUS) LTD.
DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED and
TELCOM DEVAS MAURITIUS LIMITED

("Claimants")

- and -

THE REPUBLIC OF INDIA

("Respondent")

PROCEDURAL ORDER NO. 7

Concerning the Respondent's Request for Suspension of the Proceedings

By the Tribunal:

Hon. Marc Lalonde, P.C., O.C., Q.C. (Presiding Arbitrator)
Mr. David R. Haigh, Q.C.
Hon. Shri Justice Anil Dev Singh

**Procedural history and summary of arguments**

1. The following limited procedural history recounts certain actions and positions of the Parties relevant to this Order.

2. On 27 October 2016, the Respondent submitted to the Tribunal a request for a stay of the proceedings in this case pending the resolution by Indian judicial authorities of the charges contained in a Charge Sheet prepared by India's Central Bureau of Investigation ("CBI") and filed under Section 173 of India's Criminal Procedure Code.

3. By the same letter, the Respondent also advised the Tribunal that it was taking steps before the Dutch courts to set aside the Partial Award in this case on a number of grounds under the Dutch Code of Civil Procedure, relating to the charged illegalities as well as the essential security interests and pre-investment issues. No request for a stay of the proceedings was made on that ground, however.

4. By e-mail of 31 October 2016, the Tribunal requested comments from the Claimants by 21 November 2016; these comments were received by the due date.

**Position of the Respondent**

5. The Respondent states that, on 11 August 2016, the CBI filed with the Principal Special Judge for CBI cases a Charge Sheet alleging that "Devas and former officers and directors as well as number of former Indian Government officials" committed crimes under the Indian Penal Code and the Prevention of Corruption Act.

6. According to the Respondent, "(i)f the charges in the Charge Sheet are upheld, the Devas Contract would be void *ab initio* under Indian law and the Tribunal's determination that the Devas Contract was a valid and binding agreement and an 'investment' under the Treaty could not be sustained". It notes in addition that "Article 2 of the Treaty restricts the scope of the Treaty's protection to 'investments made by investors of either Contracting Party in the territory of the other Contracting Party, accepted as such <u>in accordance with its laws and regulations</u>'".

7. Consequently, the Respondent requests that the Tribunal stay its proceedings pending the resolution of the charges contained in the Charge Sheet, and that the case be dismissed if those charges are upheld.

**Position of the Claimants**

8. The Claimants oppose the Respondent's requests on a number of grounds.

9. Firstly, they argue that the matters covered by the Charge Sheet were well known by the Respondent at the time it consented to the quantum timetable contained in Procedural Order No. 6, issued by the Tribunal on 29 September 2016. These matters, therefore, cannot be characterized as "recent developments", and the Respondent is acting inconsistently with the terms of the Order.

10. Secondly, the Claimants contend that the Tribunal is the sole forum for treaty disputes, and that its decision-making cannot be subordinated to the Indian courts. Consequently, they argue that the Respondent's home courts cannot undo the Tribunal's merits decision.

11. Thirdly, the Claimants argue that the CBI Charge Sheet does not implicate the Claimants, and that the Respondent's characterization of the CBI proceedings is inaccurate.

12. Consequently, according to the Claimants, the Tribunal should deny the Respondent's application for a stay of the arbitral proceedings, and this arbitration should proceed in conformity with the timetable contained in Procedural Order No. 6.

**The Tribunal's decision**

13. The Respondent places strong reliance on the ICSID case of *Niko Resources (Bangladesh) Ltd. v. Bangladesh Petroleum Exploration & Production Company Limited et al.*[1] It refers to a procedural order of 26 May 2016, which indeed orders the suspension of all issues before the *Niko* tribunal other than the corruption issue, which, according to the Respondent, occurred in connection with a joint venture agreement and a gas supply and purchase agreement.

14. However, the Respondent fails to refer to another decision made by the tribunal in the same case on 19 July 2016[2] and submitted by the Claimants in their answer of 21 November 2016. In that decision, the tribunal states unequivocally that it had "sole and exclusive subject matter jurisdiction with respect to all matters which have validly been brought before it, notably (a) the validity of the JVA and the GPSA, including all questions relating to the avoidance of these agreements on grounds of corruption"[3]. As stated by the tribunal in that case, "[e]xclusive subject matter jurisdiction does not prevent a court in Bangladesh to be seized by a party not party to the ICSID proceedings; it does, however, bind the court in Bangladesh, when deciding the claim of such a party, to conform its decision to that of the ICSID Tribunals in all those matters for which the ICSID Tribunals have exclusive jurisdiction."[4]

15. The Tribunal is conscious of the difference in the legal bases of the disputes in *Niko* and in the present arbitration. While *Niko* related to claims arising directly out of the JVA and the GPSA, the present case arises under the Agreement between the Government of the Republic of Mauritius and the Government of the Republic of India for the Promotion and the Protection of Investments ("Treaty"). The present Tribunal's "exclusive subject matter jurisdiction" accordingly extends to (but is also limited to) questions brought to the Tribunal under the Treaty. Hence, legal action before the Indian domestic courts does not directly affect the Tribunal's determinations in the Partial Award on Jurisdiction and Merits, made in the exercise of its jurisdiction under the Treaty.

16. The Tribunal notes that the CBI Charge Sheet contains no charge against any of the Claimants in the present case. The Devas-related defendants under the Charge Sheet are designated as: (1) Devas Multimedia Private Ltd.; (2) Mr. R. Viswanathan, President and CEO of that company; (3) Mr. M. G. Chandrasekhar, Director of the same company; (4) Mr. D. Venugopal, Director of the same company; (5) Mr. M. Umesh, Chartered accountant. While the Tribunal is aware of the corporate structure used for the Claimants' investments in India,[5] the Tribunal cannot disregard the fact that the Claimants are not legally identical with Devas Multimedia Private Ltd.

---

[1] ICSID Case Nos. ARB/10/11 and ARB/10/18, Procedural Order No. 13 (Concerning the Further Procedure Regarding the Corruption Issue and Related issues), 26 May 2016.
[2] ICSID Case Nos. ARB/10/11 and ARB/10/18, Decision Pertaining to the Exclusivity of the Tribunal's Jurisdiction, 19 July 2016.
[3] *Id.*, p. 6, para. 20.
[4] *Id.*, p. 6, para. 17.
[5] See Partial Award on Jurisdiction and Merits, para. 66.

17. In addition, although Messrs. Viswanathan, Chandrasekhar and Venugopal were witnesses in the present arbitration, the first two having been the subject of cross-examination by the Respondent, no evidence of wrongdoing on their part or on the part of Devas Multimedia Private Ltd. was adduced. Moreover, no request for relief to the present Tribunal was made by the Respondent on the basis of alleged criminal activities by the Claimants under the Indian Penal Code or the Prevention of Corruption Act.

18. The Partial Award on Jurisdiction and Merits was issued by the Tribunal on 25 July 2016. That Award was final and binding under Article 32(2) of the UNCITRAL Arbitration Rules in respect of the matters decided in it by the Tribunal.[6]

19. Finally, the CBI investigation was initiated in 2014 and its Charge Sheet was issued on 11 August 2016. The Respondent was therefore aware of its contents when it agreed to the timetable for the determination of damages as contained in Procedural No. 6 of 29 September 2016.

**Conclusion**

20. In the present circumstances, the Tribunal concludes that the Respondent's application for a stay must be denied, and that this arbitration shall proceed on the basis of the timetable set forth in Procedural No. 6.

Dated: 21 December 2016

_____
**Hon. Marc Lalonde, P.C., O.C., Q.C.**
**Presiding Arbitrator**
**For and on behalf of the Tribunal**

---

[6] See *Methanex Corp. v. United States*, Final Award, Part II, Chapter E, para. 31 (UNCITRAL 2005) (Ex. CL-81); *CME Czech Republic B.V. v. Czech Republic*, Final Award, para. 425 (UNCITRAL 2003) (Ex. CL-77).