IH-32 Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

Full Caption of Later Filed Case:

CC/DEVAS (MAURITIUS) LTD,
DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED, and
TELCOM DEVAS MAURITIUS LIMITED,

Plaintiff

vs.

AIR INDIA, LTD

Defendant

Case Number

No.

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

CAIRN ENERGY PLC and
CAIRN UK HOLDINGS LIMITED,

Plaintiff

vs.

AIR INDIA, LTD

Defendant

Case Number

No. 1:21-cv-04375

Status of Earlier Filed Case:

☐ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.)

☒ Open     (If so, set forth procedural status and summarize any court rulings.)

Initial Conference set for 9/2/2021 at 11:45 AM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Both actions seek a declaratory judgment that Air India is the alter ego of India and legally indistinct from the state itself.  Although the plaintiffs in the two cases are different and the plaintiffs seeks a declaratory judgment to enforce unrelated arbitral awards, both declaratory judgment actions involve virtually identical legal and factual issues.  In both cases, the Court will have to determine whether Air India's separate corporate existence should be disregarded because it is "so extensively controlled" by India "that a relationship of principal and agent is created" or because recognizing Air India's separate corporate existence "would work fraud or injustice."  First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 629 (1983).  There is therefore significant factual overlap between the issue presented in both cases.  The plaintiffs in the two cases could be subject to conflicting decisions if two judges were to decide these cases differently.  And there would be substantial duplication of effort and undue burden on the Court if two judges were forced to decide the virtually identical issues presented in these two cases independently.

Signature: /s/ Matthew D. McGill             Date: 06/28/21

Firm: Gibson, Dunn & Crutcher LLP